UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LESTER J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: |
| v. ) | 5:17-cv-00298-LJA-TQL |
| ) | |
| GREG DOZIER, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS**

Defendants Greg Dozier, Homer Bryson, Dr. Sharon Lewis, Dr. David Ekwunife, and Augusta University (herein, "Defendants"), through counsel, the Attorney General for the State of Georgia, submit this Brief in Support of Motion to Dismiss, showing as follows:

**I.     FACTUAL ALLEGATIONS**

Plaintiff Lester J. Smith is an inmate currently serving a life sentence in the Georgia Department of Corrections ("GDC") for murder at Telfair State Prison in Helena, Georgia. [Doc. 1, p. 1; Doc. 6]. Plaintiff has a significant history of litigation in the District Courts. *See, e.g.*, Doc. 1, p. 7 (listing prior prison conditions litigation). *See also Smith v. Owens*, CA# 3:11-cv-44 (S.D. Ga., May

24, 2011)[1]. Included in this history are at least three prior lawsuits raising precisely the same claims as the suit at bar - an alleged failure to treat Plaintiff's Hepatitis-C ("HCV") infection. *See Smith v. Bryson, et. al.,* CA# 4:16-cv-322 (N.D. Ga., Nov. 9, 2016) (claims dismissed at screening); *Smith v. Humphrey, et. al.*, CA# 5:12-cv-15 (M.D. Ga., January 11, 2012) (summary judgment granted to defendants); *Smith v. Owens, et. al.*, CA# 3:11-cv-44 (S.D. Ga., May 24, 2011) (claims dismissed at screening). While Plaintiff arguably has three "strikes" pursuant to 28 U.S.C. 1915, he was allowed to proceed *pro se* in this matter under the "imminent danger" exception. [Doc. 8, pp. 2-4].

The Complaint makes few fact allegations regarding the exact stage or progression of Plaintiff's own illness. [*See generally,* Complaint]. It focuses more on broad claims regarding GDC's treatment policies for inmates with HCV and Plaintiff's contention that all HCV-positive inmates, regardless of whether they are symptomatic, should be treated proactively with the most advanced therapies, which Plaintiff believes is reflective of the community standard of care. [Doc. 1, pp. 14, 18]. Plaintiff also objects to GDC utilizing interferon-based treatment - which Plaintiff deems inferior - and basing treatment decisions on a patient's

---

[1] This prior lawsuit was not disclosed by Plaintiff in his Questionnaire.

symptoms and likelihood of adverse effects such as cirrhosis or liver cancer[2], rather than treating all HCV-positive patients immediately. [*See, e.g.,* Doc. 1, pp. 28, 33, 35, 38]. According to Plaintiff, this differs from the "standard of care" for HCV, which he believes requires that all HCV infections be immediately treated with the most advanced medications on the market. In pertinent part, the Complaint makes the following factual allegations regarding Plaintiff and his interactions with the Defendants:

- The "Defendants have not provided plaintiff with any [HCV] treatment during his entire incarceration since 2008" [Doc. 1, p. 2];

- The Defendants "have been aware of plaintiff's HCV infection upon entering G.D.O.C. [in 2008] as medical records revealed his diagnosis. Despite Defendants awareness, plaintiff has not received any form of treatment at all while in G.D.O.C." [Doc. 1, p. 17];

- "Plaintiff having requested treatment with the new FDA drugs since December 2013, confirmed December 2014, and established by the AASLD, IDSA as the community Standard of Professional Medical Care in January 2014" [Doc. 1, p. 20];

- The Complaint alleges that Plaintiff complained to Defendant Dr. Lewis but she "took no immediate action in correspondence on April 6, 2015" [Doc. 1, p. 24];

- With regard to all Defendants, Plaintiff alleges they "[i]gnored the AASLD / IDSA Standard of care HCV cure from January 2014 to the present date, thus proving deliberate indifference to the Plaintiff's

---

[2] Only a relatively small percentage of those infected with chronic HCV will develop these serious issues over a 20-year period. *See* https://www.cdc.gov/hepatitis/hcv/cfaq.htm

> known, HCV infection Harms and serious medical needs" [Doc. 1, p. 31];
>
> - Plaintiff alleges the Defendants "had actual knowledge of the AASLD / IDSA HCV Guidance Panel . . . as the community standard of professional medical care for HCV infected patients Since January 2014" but "have not provided the current 12-week one pill per day mandated treatment for all HCV patients" [Doc. 1, p. 37].

The Complaint contains few fact allegations regarding the specific actions of individual Defendants. [*See generally,* Doc. 1]. Rather, it simply attributes most of its allegations to "Defendants" generally, either because they are health-care professionals or, in the case of Dr. Lewis and "Mr. Turner," through their role as supervisors. [Doc. 1, pp. 44 to 51].

Plaintiff filed this lawsuit on August 4, 2017, alleging that the purported failure to treat his HCV infection was due to the deliberate indifference of the Defendants, in violation of the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. [Doc. 8, pp. 2-3, 8-9; *See also* Docket]. He seeks both money damages and injunctive relief directing that he be provided "the cure medicine(s) of HCV to Plaintiff," that the Court mandate that all GDC prisoners who are HCV-positive receive treatment regardless of whether they are symptomatic, and that the Court further enjoin GDC from utilizing "anti viral HCV medication to any inmate with twelve weeks or more in G.D.O.C. custody immediately." [Doc. 1, pp. 9, 53]. The Defendants move herein for dismissal of all claims against them.

4

## II.   ARGUMENT AND CITATION TO AUTHORITY

### A.   Plaintiff's Claims are Time Barred.

An action is properly dismissed when the complaint itself establishes that it was filed outside the limitations period. *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc); *Penoyer v. Briggs*, 206 Fed. Appx. 962, 964 (2006). Statutes of limitations "have long been respected as fundamental to a well-ordered judicial system." *See Mejia-Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 1999). They "serve important purposes in promoting the fair administration of justice," as they "embody the recognition that the defendant's interest in promptly facing the plaintiff's claims along with the court's interest in hearing only claims that a plaintiff has diligently pursued can trump the plaintiff's right to assert even the most meritorious of claims." *See Arce v. Garcia*, 434 F.3d 1254, 1260-61 (11th Cir. 2006) (*quoting Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452-53 (7th Cir. 1990)). Indeed, "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Burnett v. New York Central R. Co.*, 380 U.S. 424, 428 (1965). This holds true, moreover, regardless of whether the defendant becomes aware within the statute of limitations that the plaintiff seeks to bring a claim against him. *See, e.g., Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993). Furthermore, because "[t]hey have come into the law not through judicial process but through legislation," statutes of limitation must be "strictly adhered

to," and "courts may not ignore the statute of limitations simply because they opine that a given action is not stale or that a particular defendant's repose already has been broken." *Id*. (*quoting Chase Securities Corp. v. Donaldson*, 325 U.S. 304 (1945)).

While a defendant has the initial burden of demonstrating that the statute of limitations is applicable to the claim being presented, once a defendant has made that demonstration the burden then shifts to the Plaintiff to show that tolling or some other exception applies. *See, e.g., Blue Cross and Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1552 n.13 (11th Cir. 1990); *McClure v. Raper*, 266 Ga. 60, 463 S.E.2d 125 (1995). Georgia's two-year statute of limitations for personal injury actions, O.C.G.A. § 9-3-33, applies to all Section 1983 claims brought in Georgia. *Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 938 (1985); *Williams v. City of Atlanta*, 794 F.2d 624 (11th Cir. 1986); *Giles v. Garwood*, 853 F.2d 876 (11th Cir. 1988). The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Thus, Section 1983 actions accrue when the plaintiff knows or has reason to know that he has been injured. *Id*.; *see also Rozar v. Mullis*, 85 F.3d 556, 562 (11th Cir. 1996) ("This rule requires a court first to identify the alleged injuries, and then to determine when (Plaintiff) could have sued for them").

In this case, giving his Complaint the broadest reading possible, Plaintiff knew he was injured sometime during 2008 and certainly no later than the date he filed his first lawsuit asserting these same claims, which was May 24, 2011. In fact, two of the lawsuits listed in Plaintiff's own Complaint - the 2012 case of *Smith v. Humphrey* and the 2016 case of *Smith v. Bryson* - attempted to assert exactly the same claims asserted herein. So Plaintiff was admittedly aware in at least 2012, if not 2011, of facts that would support a cause of action. This lawsuit was filed in August 2017, at least five years later. As such, it was filed outside the limitations period and should be dismissed.

Even if one were to look, alternatively, at the relatively few facts alleged concerning specific actions of the Defendants, Plaintiff's suit is still untimely. As summarized above, Plaintiff alleges that:

- Defendants did not provide plaintiff "with any [HCV] treatment" beginning in 2008;

- Defendants received a request from Plaintiff for "treatment with the new FDA drugs since December 2013, confirmed December 2014," but did not honor the request [Doc. 1, p. 20];

- Plaintiff complained to Dr. Lewis on April 6, 2015 but she "took no immediate action" [Doc. 1, p. 24]; and

- Defendants ignored the relevant standard of care "from January 2014 to the present date, thus proving deliberate indifference to the Plaintiff's known, HCV infection Harms and serious medical needs" [Doc. 1, p. 31].

Each of these actions occurred well over two years before Plaintiff filed this lawsuit. No matter how the pled facts are viewed, none of the Defendants are alleged to have taken a specific action less than two years before the filing of the Complaint. Plaintiff's Section 19893 claims are time-barred and should be dismissed.

The same conclusion applies to Plaintiff's ADA and RA claims. Just as with 1983 claims, ADA claims in Georgia are governed by the State's two-year statute of limitations for personal injury actions. *Hunt v. Ga. Dep't of Cmty. Affairs*, 490 F. App'x 196, 197 (11th Cir. 2012); *Everett v. Cobb County School District*, 138 F.3d 1407, 1409 (11th Cir. 1998); O.C.G.A. § 9-3-33. In the same manner as Section 1983, this statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Thus, the same analysis applies as above. Plaintiff's ADA and RA claims are time-barred and should be dismissed.

### B.  Any Injunctive Relief Claims Should be Dismissed

Plaintiff also asserts injunctive relief claims in this lawsuit, seeking court orders that mandate the method and manner of treatment of both Plaintiff and all other HCV-positive inmates in the GDC. [Doc. 1, pp. 9, 53]. Under the Prison Litigation Reform Act ("PLRA"), among the essential prerequisites to the

imposition of prospective injunctive relief in prison litigation is a finding of a violation of a federal right. See 18 U.S.C. § 3626(a)(1)(A). But, as shown above, Plaintiff cannot prove such a violation against the Defendants. Accordingly, he is not entitled to any injunctive relief. The PLRA also states in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). The Eleventh Circuit has instructed its district courts to be even more tentative in issuing injunctions when, as here, the party to be enjoined is a state governmental entity, stating:

> [e]quitable remedies are powerful, and with power comes responsibility for its careful exercise.  These remedies can affect nonparties to the litigation in which they are sought; and when, as in this case, they are sought to be applied to officials of one sovereign by the courts of another, they can impair comity, the mutual respect of sovereigns—a legitimate interest even of such constrained sovereigns as the states and the federal government . . . [T]here is not an absolute right to an injunction in a case in which it would impair or affront the sovereign powers or dignity of a state . . . .

*McKusick v. City of Melbourne, Fla.*, 96 F.3d 478, 487-88 (11th Cir. 1996). Given these stringent requirements, any claim for this Court, as opposed to Plaintiff's physicians, to direct medical care is flawed because courts are reluctant to make

9

medical judgments. *See, e.g., Bauer v. Kramer*, 424 F. App'x 917, 918-919 (11th Cir. 2011). Federal Rule 65 requires injunctions be sufficiently specific to give fair warning of prohibited conduct. Fed. R. Civ. P. 65(d); *Ala. Nursing Home Asso. v. Harris*, 617 F.2d 385, 387 (5th Cir. 1980). None of Plaintiff's requests, interpreted broadly, are sufficiently specific or practical to pass muster under the stringent requirements of the PLRA. They should be dismissed for that reason.

However, Plaintiff's requested injunctive relief is also barred by the "concurrent relief rule." It has long been held that where, as here, "both legal and equitable relief [are] sought . . . the statute of limitations bars both." *United Transp. Union v. Florida East Coast Ry.*, 586 F.2d 520, 524 (5th Cir. 1978);[3] *see also U.S. v. Banks*, 115 F.3d 916, 919 (11th Cir. 1997) (observing that the "concurrent remedy rule" provides that "'equity will withhold its relief . . . where the applicable statute of limitations would bar the concurrent legal remedy'") (quoting *U.S. v. Windward Properties, Inc.*, 821 F. Supp. 690, 693 (N.D. Ga. 1991)); *accord Gilbert v. City of Cambridge*, 932 F.2d 51, 57 (1st Cir. 1991) ("It is settled . . . that where legal and equitable claims coexist, equitable remedies will be withheld if an applicable statute of limitation bars the concurrent legal remedy."), *cert. denied*, 112 S. Ct. 192 (1991). In this case, legal and equitable remedies are

---

[3] The Eleventh Circuit has adopted as binding precedent all decisions of the Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

available concurrently, as Plaintiff has requested money damages along with his prayer for injunctive relief. [Doc. 1]. Accordingly, the limitations periods applicable to his Section 1983 and ADA / RA claims bars his request for equitable relief.

### C. Defendants are Entitled to Qualified Immunity on Individual-Capacity Claims.

"A complaint is [ ] subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (*citing Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing, reinstated by* 764 F. 2d 1400 (11th Cir. 1985)). Here, the Defendants are entitled to qualified immunity from Plaintiff's Section 1983 claims. Qualified immunity protects governmental defendants sued in their individual capacities so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To avail of the immunity, a defendant must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Vinyard*, 311 F.3d at 1346. Once this showing is made, the burden shifts to the plaintiff to show that the law was clearly established and immunity is not appropriate. *Id.* "Once a

government official demonstrates that he is potentially entitled to qualified immunity, the burden shifts to the plaintiff to demonstrate that the official is not actually entitled to it." *O'Rourke v. Hayes*, 378 F.3d 1201, 1206 (11th Cir. 2004).

"[A] government official can prove he acted within the scope of his discretionary authority by showing 'objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority.'" *Rich v. Dollar*, 841 F.2d 1558, 1563-1564 (11th Cir. 1988) (*quoting Barker v. Norman*, 651 F.2d 1107, 1121 (5th Cir. 1981)). Here, Plaintiff's 1983 allegations concern his medical treatment by employees and agents of the GDC while he was incarcerated. This demonstrates that the Defendants were acting within their discretionary authority as corrections officials. Thus, the burden shifts to Plaintiff to establish a violation of a clearly established constitutional right.

Qualified immunity may be defeated only by pointing to judicial decisions of the United States Supreme Court, the Eleventh Circuit, and the Georgia Supreme Court that clearly establish the law. *Griffin Indus. Inc. v. Irvin*, 496 F.3d 1189, 1200 n.6 (11th Cir. 2007); *Marsh*, 268 F.3d at 1033 n.10. Moreover, the contours of the right violated must be sufficiently clear such that a reasonable official would understand that what he is doing violates that right. *United States v. Lanier*, 520 U.S. 259, 270 (1997). Even if Plaintiff can sufficiently allege a

violation of his constitutional rights, he cannot point to judicial decisions of the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court that clearly establish the facts as alleged in his Complaint would violate the Eighth Amendment. Therefore, the State Defendants are entitled to qualified immunity as to any individual-capacity Eighth Amendment claims.

### III. CONCLUSION

For the reasons stated, Plaintiff's claims should be dismissed as being time barred. In the alternative, Defendants are entitled to qualified immunity as to all individual-capacity claims and Plaintiff's claims for injunctive relief should also be dismissed.

**[SIGNATURES NEXT PAGE]**

Respectfully submitted this 5th day of March, 2018.

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| KATHLEEN M. PACIOUS<br>Deputy Attorney General | 558555 |
| ROGER CHALMERS<br>Senior Asst. Attorney General | 118720 |
| */s/ Ronald J. Stay*<br>RONALD J. STAY<br>Assistant Attorney General | 621732 |

40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 656-6663
Facsimile:  (404) 651-5304
E-mail: rstay@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 5th, 2018, I electronically filed the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

N/A

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**Inmate Lester J. Smith, Jr.**
**GDC # 977285**
**Telfair State Prison**
**P.O. Box 549**
**Helena, Georgia 31037**

*/s/ Ronald J. Stay*
RONALD J. STAY
Georgia Bar No. 621732

Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 656-6663
Facsimile:  (404) 651-5304
E-mail: rstay@law.ga.gov