# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LESTER J. SMITH,<br><br>*Plaintiff,*<br><br>v.<br><br>GREG DOZIER, SHARON LEWIS, HOMER BRYSON, DAVID EKWUNIFE, AUGUSTA UNIVERSITY, CHARLES BURKE, and BROOME,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:17-cv-00298-TES-TQL |

## ORDER ADOPTING
## UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

Before the Court for consideration is the United States Magistrate Judge's Recommendation [Doc. 104] that the Motion to Dismiss [Doc. 28] filed by Defendants Greg Dozier, Homer Bryson, Dr. Sharon Lewis, Dr. David Ekwunife and Augusta University be granted. The United States Magistrate Judge further recommends that the Motion to Dismiss [Doc. 71] filed by Defendant Dr. Charles Burke be granted as well. Plaintiff filed a timely Objection[1] [Doc. 106] to the Recommendation [Doc. 104]. Therefore, the Court must "make a *de novo* determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

---

[1] Plaintiff also filed a Supplemental Objection [Doc. 107] to the Recommendation [Doc. 104].

Plaintiff bases his § 1983 claims on a denial of proper treatment for his HCV condition. *See* [Doc. 63, at 5]. As to the Recommendation [Doc. 104], Plaintiff first objects to the Magistrate Judge's finding that his claims are time-barred and do not qualify for the continuing violation doctrine. *See* [Doc. 106, at 1]. Second, Plaintiff objects to the Recommendation [Doc. 104] denying Plaintiff's request of injunctive relief for treatment of his "Hepatitis-C (HCV for 'hep-c virus[']))" illness based on the United States Magistrate Judge's finding that Plaintiff "did not meet the requisites prior to the [Recommendation] ruling." [Doc. 63, at 2]; *see also* [Doc. 106, at 5]. Specifically, Plaintiff states that "the only issue would be number 1 of the four requisites" discussed in *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985) and contends that the "requisites" are "the purpose of said injunction." [Doc. 106, at 5]; *see also* [Doc. 104, at 6]. Third, Plaintiff objects to the United States Magistrate Judge's Recommendation [Doc. 104] that the Court decline to exercise its supplemental jurisdiction over Plaintiff's state law claims. *See* [Doc. 106, at 6]. After review of the Recommendation [Doc. 104], Plaintiff's Objection [Doc. 106], and Plaintiff's Supplemental Objection [Doc. 107], the Court finds that the objections raised by Plaintiff fail to overcome the findings and conclusions of the United States Magistrate Judge for the following reasons:

1. **Objection that Plaintiff's Claims Do Not Qualify for the Continuing Violation Doctrine**

The Amended Complaint [Doc. 63] in this case, dates "June 29, 2015," as the latest point of time in which the American Association for the Study of Liver Diseases

("AASLD") and the Infectious Diseases Society of America ("IDSA") made certain recommendations of change in drug protocols for people with HCV. [Doc. 63, at 4; n.2]. Though, in Plaintiff's original Complaint [Doc. 1], he mentions that "[i]n October 2013, the FDA announced a new 'breakthrough cure' direct acting antiviral (DAA) drugs to cure all levels of HCV." [Doc. 1, at 8]. Curiously, however, Plaintiff contends that he was "not aware of any change of the HCV mandate of treatment, until 2015 or so." [Doc. 106, at 1].

Normally, an amended complaint supersedes former pleadings, which are "abandoned" and "become a legal nullity." Fed. R. Civ. P. 10(c); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Eleventh Circuit law "do[es] not permit a district court to consider, on a motion to dismiss, exhibits attached to an earlier complaint that a plaintiff has expressly disavowed or rejected as untrue in a subsequent amended complaint." *Hoefling*, 811 F.3d at 1277. In the instant matter, however, Plaintiff does not appear to disavow the attachments, or anything for that matter, to his original Complaint [Doc. 1]. In fact, Plaintiff expressly states that "[He] will refer back to his initial complaint that the AASLD/IDSA standard of HCV care, is mandatory for all M.D.'s without having to reiterate that fact." [Doc. 63, at 4].

The same paragraph in the original Complaint [Doc. 1] that mentions the requirement that "all physicians [and] M.D.'s [] abide by this new Community Standard of Professional Medical Care Standard for HCV treatment, with the new cure medicines

3

only" also mentions the "October 2013" date. [Doc. 1, at 8-9]; *see also* [Doc. 1, at 20] ("Plaintiff having requested treatment with the new FDA drugs since December 2013, confirmed in 2014, and established by the AASLD, IDSA as the Community Standard of Professional Medical Case in January 2014."). Thus, as the United States Magistrate Judge correctly found, Plaintiff's injury clearly occurred in 2013, not 2015. *See* [Doc. 104, at 5].

Plaintiff's Objection [Doc. 106] argues that "[t]he Magistrate [Judge] [relying on the 2013 date,] errored [sic] in its finding that the continuing violation doctrine is not applicable to plaintiff." [Doc. 106, at 2]. He further argues that "[i]t is impossible per the laws verbatim, that this doctrine is not applicable to plaintiff." [*Id.* at 3]. It is obvious that Plaintiff bases this contention on the alleged fact that prison officials "did not at any time cease their unlawful acts of denying plaintiff treatment to his serious medical need." [*Id.*]

However, as the Recommendation [Doc. 104] suggests, the Eleventh Circuit has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." *Center for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006). In other words, "[i]f an event or series events should have alerted a reasonable person to act to assert his . . . rights at the time of the violation, [he] cannot later rely on the continuing violation doctrine." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1222 (11th

Cir. 2001). In his Supplemental Objection [Doc. 107],[2] Plaintiff states, supposedly in an effort to overcome the Eleventh Circuit's limitation of the continuing violation doctrine, that he was "not a 'prudent Plaintiff' aware of a right being violated" and "was still under the impression of the old HCV treatment in effect, and not superseded." [Doc. 107, at 1]. Reasonableness is an objective standard and the Court does not assess whether Plaintiff subjectively believes that he is not a reasonably prudent plaintiff. Alternatively, the Court considers whether a hypothetical reasonably prudent plaintiff would be able to determine that a violation occurred.[3]

As discussed above, Plaintiff's first awareness of *some* drug protocol change occurred in 2013. Given that Plaintiff himself stated in his original Complaint [Doc. 1] that he has requested treatment "*with the new FDA drugs since December 2013,*" it is clear he was aware of an alleged denial of medical care that comported with the community

---

[2] Plaintiff also points to another civil action commenced by Plaintiff in 2012, *Smith v. Humphrey, et al*. *See* [Doc. 107, at 2]. In that case, the Court adopted the United States Magistrate Judge's recommendation to grant summary judgment in favor of defendants on the general grounds that Smith refused medical treatment for his Hepatitis-C illness. *See generally* Report and Recommendation, *Smith v. Humphrey, et al.*, No. 5:12-cv-00015-MTT-CHW (M.D. Ga Feb. 7, 2014), [Doc. 196].

[3] In his Supplemental Objection [Doc. 107], Plaintiff
> reiterates his argument in his initial objections. Federal law permits a plaintiff to recover for the whole course of conduct, even if it started outside the limitations period. *Heard v. Sheahan*, 253 F.3d at 318; *Taylor v. Meirick*, 712 F.2d 1112, 1118-19 (7th Cir. 1983); *see also*, *Ingalls v. Florio*, 968 F.Supp. 193, 200-01 (D.N.J. 1997).

[Doc. 107, at 3]. After review, these cases present many distinguishing factors from Plaintiff's case. While Plaintiff's citation to *Taylor v. Meirick*, supports his contention that "the statute of limitations does not begin to run on a continuing wrong till the wrong is over and done with," he fails to cite to any Eleventh Circuit authority to suggest that the limitation placed on the continuing violation doctrine is no longer valid law. 712 F.2d 1112, 1118 (7th Cir. 1983); *see also Hamilton*, 453 F.3d at 1335, *supra*.

standard in 2013. Now, however, Plaintiff contends in his Amended Complaint [Doc. 63], that he "did not have [f]actual knowledge until 2015, of the change in drugs for HCV." [Doc. 106, at 3]. He undoubtedly admits in his Objection [Doc. 106] that he "may have heard by way of a rumor in 2013, but not of a [sic] actual fact" and as a result his "uncertainty in 2013 is of no essence." [*Id.*]. In addition to this argument, Plaintiff avers in his Response [Doc. 82], that the requested 2013 standards of medical care, were "not the new Community Standard of Medical Care for HCV." [Doc. 82, at 2]. It seems that by making this argument Plaintiff is attempting to scramble the dates contained in his pleadings in hopes to fall within the limitations period.

Regardless of whether Plaintiff learned of the drug change by way of "rumor" in 2013, or by "fact" in 2015, his claims are still time-barred because, taking Plaintiff's statements his original Complaint [Doc. 1] and Amended Complaint [Doc. 63] as true, he unequivocally requested treatment with new FDA drugs in December 2013. *See* [Doc. 1, at 20]; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). If Plaintiff requested treatment with new drugs since 2013, and as of the date of his original Complaint [Doc. 1], July 27, 2017,[4] had "not received any treatment after multiple requests," Plaintiff

---

[4] The Recommendation [Doc. 104] of the United States Magistrate Judge clarifies that Plaintiff effectively filed his Complaint [Doc. 1] on July 27, 2017, the date of Plaintiff's signature and the date he submitted the Complaint and memorandum to prison authorities for mailing. *See* [Doc. 104, at 1; n.1].

would have been alerted to act to assert his rights due to the alleged violation. *Hipp*, 252 F.3d at 1222, *supra*.

Plaintiff's attempts to skirt the apparent statute of limitations issue in this case are defeated by his own original Complaint [Doc. 1], and its express incorporation by reference into the Amended Complaint [Doc. 63]. *See* [Doc. 63, at 4]. Even if the Court ignored any reference (which it cannot and does not) to the October 2013 date discussed above, Plaintiff's claims are still time-barred because the latest date certain in the Amended Complaint [Doc. 63], in which Plaintiff was "sure" of a change in drug protocol, is "June 29, 2015." *See* [Doc. 63, at 4; n.2]; *see also* [Doc. 106, at 3]. Using June 29, 2015, as the operative date, Plaintiff had until June 30, 2017, to file a complaint. He failed to do so, and Plaintiff's actual filing date of July 27, 2017, is too late.

If June 29, 2015, was the operative date in this case, its presence may cloud the continuing violation issue. However, the Court simply cannot overlook Plaintiff's own admissions in his original Complaint [Doc. 1] that he requested some variation of new drugs "since December 2013." [Doc. 1, at 20]. It is true that courts are obligated to hold "a [*pro se*] complaint, however inartfully pled, to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). This obligation, however, does not, as Plaintiff would hope, permit courts to construe pleadings to omit certain materials that would allow a plaintiff to prevail in his case. Plaintiff sat on his rights at the time of the alleged violation

7

and further failed to exercise those rights within the confines of the Eleventh Circuit's constriction on the continuing violation doctrine. *See Hipp*, 252 F.3d at 1222, *supra*.

Therefore, Plaintiff's first objection fails to overcome the findings and conclusions of the United States Magistrate Judge and the Court **ADOPTS** the Recommendation [Doc. 104] as to Defendants' Motions to Dismiss [Docs. 28 and 71] and **MAKES IT THE ORDER OF THE COURT.** Accordingly, the Court **GRANTS** the Motion to Dismiss [Doc. 28] filed by Defendants Greg Dozier, Homer Bryson, Dr. Sharon Lewis, Dr. David Ekwunife and Augusta University and as well as the Motion to Dismiss [Doc. 71] filed by Defendant Dr. Charles Burke.

**2. Objection to the Recommendation Denying Plaintiff's Injunctive Relief for Treatment of His HCV Illness**

Plaintiff's second objection finds issue with the United States Magistrate Judge's application of the four requisites enumerated in *Zardi-Quintana v. Richard*, 768 F.2d 1213 (11th Cir. 1990). *See* [Doc. 106, at 5]. Specifically, Plaintiff states that "the only issue would be number 1 of the four requisites." [*Id.*]. However, Plaintiff fails to actually make any relevant argument on the issue of whether Plaintiff could prove "a substantial likelihood that he will prevail on the merits." *Zardi-Quintana*, 768 F.2d at 1216. Instead, Plaintiff merely reiterates the arguments contained in his first objection. *See* [Doc. 106, at 5] ("And that is only with regard of the O&R finding of it's [sic] agreement to be time-barred.").

It is clear that the Magistrate Judge recommended that Plaintiff's claim for injunctive relief be denied on the grounds that Plaintiff failed to meet his burden to show

that his claims have a substantial likelihood of success on the merits. *See Canal Authority of Florida v. Callaway*, 489 F.2d 567, 573 (11th Cir. 1974). Defendants aptly point out in their Response to Plaintiff's Amended Preliminary Injunction Motion [Doc. 70] that beyond Plaintiff's own contentions—that his medical condition warrants different treatment than what he is currently receiving—there is no admissible evidence to reflect that same conclusion. Therefore, given this lack of admissible evidence, Plaintiff cannot meet the second requisite for injunctive relief regarding irreparable injury (i.e. that Plaintiff's HCV has progressed to the stage where it threatens an irreparable impact on his health). *See Zardi-Quintana*, 768 F.2d at 1216; *see also* [Doc. 70, at 6].

In an attempt to persuade the Court to the contrary, Plaintiff cites to *Abu-Jamal v. Wetzel, et al.*, No. 3:16-CV-2000, 2017 WL 34700 (M.D. Pa. Jan. 3, 2017), a recent District Court case from the Third Circuit granting hepatitis C-positive state prisoner's injunctive relief even in the absence of advanced symptoms. Aside from *Abu-Jamal* and one other District Court case (also from Pennsylvania), Plaintiff cites no authority from the Eleventh Circuit holding that omission of treatment for HCV under prioritization protocols[5] creates a viable claim for Eighth Amendment purposes. *See Abu-Jamal*, No. 3:16-CV-2000, 2017 WL 34700, at *15 (M.D. Pa. Jan. 3, 2017); *see also Abel v. Lappin*, 661 F.Supp.2d 1361,

---

[5] *Abu-Jamal v. Wetzel*, describes Prioritization Protocol as a means to "identify those with the most serious liver disease and to treat them first, and then, as they're treated, move down the list to the lower priorities, from high priority to lower priority. . . . The purpose of this Hepatitis C Protocol is to prioritize candidates for anti-viral treatment." No. 3:16-CV-2000, 2017 WL 34700, at *5 (M.D. Pa. Jan. 3, 2017) (internal citations omitted).

1372-73 (S.D. Ga 2009). Moreover, aside from Plaintiff's assertion that he "requested treatment with the new FDA drugs since December 2013" there is nothing in the record to allow the Court to even begin to evaluate a threat of irreparable impact. *See Zardi-Quintana*, 768 F.2d at 1216.

Furthermore, to the extent Plaintiff disagrees with his physicians and sincerely believes that he is in dire need of the new drug protocol, the Court, without more, cannot permit the use of the legal process to override the medical judgment of those treating physicians. To that effect, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not support a claim of deliberate indifference. *Wilson v. Smith*, 567 F. App'x 676, 678 (11th Cir. 2014) (quoting) *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991). Moreover, matters of medical judgment do not constitute deliberate indifference. *Estelle*, 429 U.S. at 107. Therefore, Plaintiff's objections fail to provide a basis upon which the Court could reject the Recommendation [Doc. 104] from the United States Magistrate Judge.[6]

Throughout the remaining paragraphs of Plaintiff's Objection [Doc. 106], he takes issue with the length of time between his filing of the Amended Preliminary Injunction

---

[6] The Court notes that the record shows Plaintiff's current place of incarceration is Telfair State Prison, while the named Defendants in this case are from Georgia Regents University, LLC. It is well-settled that "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." *Jones v. Culliver*, No. 09-0835-CG-M, 2010 WL 3339453, at *1 (S.D. Ala. Aug. 2, 2010) (citing *Spears v. Thigpen*, 846 F. 2d. 1327, 1328 (11th Cir. 1988)) (holding inmate's claims against medical treatment providers to be moot due to his transfer to another prison).

Motion [Doc. 47] and the Magistrate Judge's Recommendation to deny such relief. *See* [Doc. 106, at 5-6]. Plaintiff contends that the United States Magistrate Judge's failure to "expedite[] review" on the requested injunctive relief "[s]ome, over three months later []] is an abuse of discretion." [*Id.*]. However, such contention is without merit and will not cause the Court to "overrule the Magistrate [Judge's] O&R" as Plaintiff suggests.

For the above-stated reasons, the Court finds that Plaintiff's second objection also fails to overcome the findings and conclusions contained in the United States Magistrate Judge's Recommendation [Doc. 104]. Therefore, the Court **ADOPTS** the United States Magistrate Judge's Recommendation [Doc. 104] as to Plaintiff's Amended Preliminary Injunction Motion [Doc. 47] **AND MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **DENIES** Plaintiff's Amended Preliminary Injunction Motion [Doc. 47] as well as Plaintiff's Motion Ordering Defendant Dozier and His Agents at Telfair State Prison to Cease Tampering and Impeding with Plaintiff's Legal Mail[7] [Doc. 46]. In light of the Court's adoption of the United States Magistrate Judge's Recommendation [Doc. 104], Plaintiff's Motion to Appoint Medical Expert Witness [Doc. 102] is **DENIED as moot**.

---

[7] Plaintiff's Objection [Doc. 106] did not rebut the United States Magistrate Judge's Recommendation to deny this motion, and as such does not have to be considered pursuant to 28 U.S.C. § 636(b)(1)(C).

### 3. Plaintiff's Objection to the Recommendation that the Court Decline to Exercise Its Supplemental Jurisdiction Over Plaintiff's State Law Claims

Given that Plaintiff's federal claims brought against Defendants pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act are time-barred and therefore dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims brought against Defendants based on their alleged failure to provide proper medical care. Accordingly, the Court **DISMISSES** Plaintiff's state law claims **without prejudice**.

In the Supplemental Objection [Doc. 107], Plaintiff objects to the United States Magistrate Judge's denial of his Motion to Appoint Counsel [Doc. 39]. *See* [Doc. 107, at 4]. The Court construes this objection as a Renewed Motion to Appoint Counsel, and given the Court's ruling in this Order, **DENIES** said motion. Therefore, Plaintiff's Complaint [Doc. 1] and Amended Complaint [Doc. 63] and all claims asserted therein against the remaining Defendants are dismissed.

## CONCLUSION

Having made a *de novo* determination of Plaintiff's Objection [Doc. 106] and Supplemental Objection [Doc. 107], the Court **ADOPTS** the United States Magistrate Judge's Recommendation [Doc. 104] and **MAKES IT THE ORDER OF THE COURT**.

Thus, the Court **GRANTS** Defendants' Motions to Dismiss [Docs. 28 and 71]. Further, the Court **DENIES** Plaintiff's Amended Preliminary Injunction Motion [Doc. 47] and his Motion Ordering Defendant Dozier and His Agents at Telfair State Prison to

Cease Tampering and Impeding with Plaintiff's Legal Mail [Doc. 46]. Lastly, in light of the Court's adoption of the United States Magistrate Judge's Recommendation [Doc. 104], Plaintiff's Motion to Appoint Medical Expert Witness [Doc. 102] is **DENIED as moot**.

**SO ORDERED**, this 24th day of July, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**