# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LESTER J. SMITH, *Plaintiff*, v. GREG DOZIER, *et al.*, *Defendants*. | CIVIL ACTION NO. 5:17-cv-00298-TES-TQL |

### ORDER

Presently pending before the Court is *pro se* Plaintiff Lester J. Smith's motion for leave to appeal *in forma pauperis* [Doc. 112] from the Court's July 24, 2018 Order adopting the Magistrate Judge's Report and Recommendation and dismissing the above-captioned action. [Doc. 108]. For the following reasons, the Court **DENIES** Plaintiff's motion to appeal *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3).[2] "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court

---

[2]The Court notes that the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") also prohibits a prisoner from "appeal[ing] a judgment in a civil action or proceeding" *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Although it appears Plaintiff has had more than three of his cases or appeals dismissed on the statutorily-enumerated grounds prior to filing his notice of appeal in this case, Plaintiff states in his notice of appeal that he is in imminent danger of serious physical injury due to Defendants' failure to treat his Hepatitis C. [Doc. 111, p. 2]. Plaintiff alleges he is presently suffering from "severe pain in the liver area, sores throughout his body, stomach pain, vomit[]ing, fatigue, [and] deterioration of bodily organs." [*Id.*]. These allegations are sufficient to show that Plaintiff is presently in imminent danger of serious physical injury for purposes of § 1915(g). *See, e.g., Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (allegations that prison officials refused to treat inmate's hepatitis and HIV infections, causing painful symptoms, sufficient to overcome § 1915(g) bar).

determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Plaintiff states in his notice of appeal that the Court erred "in applying the continuing violation doctrine in this case." [Doc. 111, p. 2]. The Court has reviewed the applicable orders and the record in this case and finds that Plaintiff's appeal is frivolous. The appeal, therefore, is not brought in good faith. Plaintiff has raised no issues with arguable merit.

Consequently, Plaintiff's application to appeal *in forma pauperis* [Doc. 112] is **DENIED.** If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 7th day of September, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**